IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID E. HUGHLEY :

    v. : Civil Action No. DKC 11-3100

ISIAH LEGGETT, ET AL. :

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion filed by Defendants Isiah Leggett, James Stowe, and the Montgomery County Office of Human Rights seeking dismissal pursuant to Fed.R.Civ.P. 37(d) or 12(b)(6), judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), or summary judgment pursuant to Fed.R.Civ.P. 56(b). (ECF No. 21).[1] The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Mr. Hughley's complaint will be dismissed pursuant to Rule 37(d).

**I. Background**

On October 31, 2011, Plaintiff David Hughley filed a *pro se* complaint asserting claims for employment discrimination based on age, gender, and race, and for retaliation. Plaintiff seeks back

---

[1] Hughley has misspelled defendant Isiah Leggett's name in the complaint. The court will direct the clerk to amend the docket to reflect the correct spelling.

pay and $500,000 in damages. (ECF No. 1). On December 27, Defendants filed a joint answer. (ECF No. 4). On December 28, 2011, the court issued a scheduling order, which established May 11, 2012, as the deadline for completion of discovery. (ECF No. 6). On February 13, 2012, Plaintiff filed a request for court-appointed counsel, which was denied. (ECF Nos. 8 & 9). Since then, Plaintiff has not filed anything with the court. Deadlines have been extended based on motions filed by Defendants.

On December 17, 2012, Defendants moved for dismissal pursuant to Rule 37(d) or 12(b)(6) or, in the alternative, for judgment on the pleadings or for summary judgment. (ECF No. 21, at 1-2). Defendants offer three arguments in support of their motion. (ECF No. 21-1). First, Defendants argue that Plaintiff's complaint should be dismissed as a sanction for failing to participate in discovery. (*Id.* at 8). Second, Defendants contend that Plaintiff's complaint names improper parties and also fails to state plausible claims for relief. (*Id.* at 9-13). Finally, Defendants argue they are entitled to judgment as a matter of law with respect to Plaintiff's claims of sex discrimination and retaliation. (*Id.* at 14-16).

In support of their request for dismissal pursuant to Rule 37(d), Defendants submit a detailed history of their discovery efforts supported by accompanying documents. These documents establish that, on June 28, 2012, Defendants served Plaintiff

with interrogatories and requests for production of documents *via* certified mail, return receipt and restricted delivery requested, to the address listed on Plaintiff's complaint and his request for counsel. (ECF No. 21-4). In a cover letter, Defendants asked Plaintiff to respond to their requests by July 31. (*Id.*). The cover letter also asked Plaintiff to contact Defendants' counsel by July 6, 2012, if he had any objection to having his deposition taken on either August 2 or August 23. Plaintiff received this correspondence, as evidenced by his signature on the return receipt. (*Id.* at 18).

On July 13, 2012, counsel for Defendants – having heard no objection from Plaintiff – noticed Plaintiff's deposition for August 2, 2012 at 10:00 a.m. (ECF No. 21-5). Counsel served the deposition notice on Plaintiff *via* certified mail, return receipt and restricted delivery requested, at his address of record. (*Id.* at 1). Plaintiff received this correspondence, as evidenced by his signature on the return receipt. (*Id.* at 5). The transcript from the deposition of August 2, 2012, indicates that Plaintiff failed to appear as scheduled. (ECF No. 21-6).

Defendants never moved to compel Plaintiff to respond or appear, but instead sought several extensions to the discovery period, which the court granted. (ECF Nos. 10, 15, 17, 19). Defendants represent that they attempted to contact Plaintiff after every motion *via* phone and mail, but never received any

3

response.  (ECF No. 21-1, at 5).  Defendants further represent that, as of the filing of their motion on December 14, 2012, Plaintiff has not responded to Defendants' interrogatories, produced the requested documents, or otherwise contacted counsel. (*Id.*).

On December 17, 2012, the clerk's office issued a letter warning Plaintiff that "[if] you do not file a time written response [to Defendants' motion], the Court may dismiss the case or enter judgment against you without further notice." (ECF NO. 22).  Plaintiff has not responded to Defendants' motion.

**II. Request for Dismissal Pursuant to Rule 37(d)**

Pursuant to Rule 37(d), courts may impose certain sanctions on a party who fails to respond to interrogatories; fails to respond to a request for inspection; or fails to appear for properly noticed depositions.  Such sanctions include rendering designated facts established for purposes of the action; prohibiting a party from "supporting or opposing designated claims or defenses" or from introducing evidence; striking pleadings; "staying further proceedings until the order is obeyed"; "dismissing the action or proceeding in whole, or in part"; or issuing a default judgment.  Fed.R.Civ.P. 37(d) & 37(b)(2)(A)(i)-(vi).  Unlike where a party provides inadequate or incomplete discovery responses, Rule 37(d) allows for the imposition of sanctions, including dismissal or entry of default,

4

even when the noncomplying party has not violated a court order. Wright & Miller, Fed. Prac. & P. § 2291 (3d ed. 2008) ("No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party.").[2]

When assessing the appropriateness of a sanction pursuant to Rule 37(d), the Fourth Circuit requires consideration of four factors: (1) evidence of bad faith by the non-complying party; (2) the "amount of prejudice noncompliance caused" the opposing party, which "necessarily includes an inquiry into the materiality of the evidence he failed to produce"; (3) the "need for deterrence of the particular sort of non-compliance"; and (4) the "effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494,

---

[2] "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed.R.Civ.P. 37(d)(1)(B). Here, although Defendants did not file a separate "certificate," the recitation of events in their memorandum – which is signed by their counsel of record – is sufficient to establish that they made good faith efforts to obtain a response from Plaintiff without involving the court. In any event, the certification requirement "does not apply" when, as here, "a party fails to appear for a deposition." Wright & Miller, Fed. Prac. & P. § 2291 (3d ed. 2008).

5

503-04 (4th Cir. 1977)). The sanction of dismissal is generally limited to "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Id.*

Where, as here, a plaintiff brings suit and then utterly fails to participate in discovery or otherwise respond, courts have found dismissal to be an appropriate sanction. For example, in *Malry v. Montgomery County Public Schools*, Judge Williams dismissed a *pro se* plaintiff's employment discrimination complaint pursuant to Rule 37(d) where he "failed to meaningfully participate in the case" after filing suit. *Malry v. Montgomery Cnty. Pub. Sch.*, No. 11–00361–AW, 2013 WL 812020, at *2 (D.Md. Mar. 4, 2013). As here, the plaintiff in *Malry* failed to respond to interrogatories, produce requested documents, or attend a properly noticed deposition, despite the defendant's efforts to contact him at his address of record and despite numerous discovery extensions. Even after the defendant moved to dismiss and the clerk issued a Rule 12/56 letter to the plaintiff, neither the court nor the defendant received any response. *Id.* The court held that the only inference that could be drawn from the record was "that Plaintiff received Defendant's prior mailings and willfully decided not to respond to them," thereby

warranting dismissal as a discovery sanction. *Id.*[3]; *see also Jones v. Applebee's of Va. Inc.*, No. 10-CV-00339, 2011 WL 3438402, at *1 (W.D.Va. Aug. 5, 2011) (dismissing a *pro se* plaintiff's complaint as a sanction for failing to respond to interrogatories and attend two scheduled depositions and holding that the plaintiff's complete lack of responsiveness was enough to prejudice the defendant and demonstrate that lesser sanctions would not effectively compel compliance).

As in *Malry* and *Jones*, an analysis of the four factors outlined by the Fourth Circuit supports an order of dismissal in the present case. First, Plaintiff's complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith. Likewise, Plaintiff's failure to appear for his deposition, respond to interrogatories, or otherwise participate in discovery obviously prejudices Defendants, who cannot adequately prepare for a possible trial without Plaintiff's participation. With regard to the third factor, Plaintiff's complete lack of participation in the discovery process has directly inhibited and delayed the resolution of this dispute, and there is an obvious need to deter such conduct. Finally, although it is true that the court has not yet imposed

---

[3] The *Malry* court also addressed the merits of the defendant's motion to dismiss for failure to state a claim, holding that dismissal would also be appropriate under Rule 12(b)(6). *Malry*, 2013 WL 812020, at *2.

lesser sanctions or issued any formal order compelling Plaintiff's interrogatory responses or deposition appearance, Plaintiff's continued silence, even in the face of the pending motion and letter from the clerk, indicates that Plaintiff's behavior would be unaltered by a less drastic sanction. Accordingly, Plaintiff's complaint will be dismissed pursuant to Rule 37(d), and Defendant's alternative arguments will not be addressed.

**III. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants Isiah Leggett, James Stowe, and the Montgomery County Office of Human Rights will be granted. A separate Order will follow.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```